**No. 24-3007**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

———————

ERICH SMITH, *et al.*,

Plaintiffs-Appellants,

v.

PRESIDENT JOSEPH R. BIDEN, JR., *et al.*,

Defendants-Appellees.

———————

On Appeal from the United States District Court
for the District of New Jersey
Docket No. 21-19457

———————

**BRIEF FOR DEFENDANTS-APPELLEES**

———————

JOHN GIORDANO
 *United States Attorney*

ANGELA E. JUNEAU
 *Assistant United States Attorney*
 *970 Broad Street, Suite 700*
 *Newark, NJ 07102*
 *(973) 645-2700*

# TABLE OF CONTENTS

Introduction ................................................................................ 1

Statement of Jurisdiction ............................................................ 3

Statement of the Issues ............................................................... 3

Statement of the Case .................................................................. 3

Summary of Argument ................................................................ 8

Standard of Review ................................................................... 10

Argument – The District Court Properly Dismissed Appellants'
    Claims As Moot. ................................................................. 11

    A. Appellants' Claims Are Moot. .................................... 11

    B. The District Court Correctly Held That the Voluntary
        Cessation Exception Does Not Apply ............................ 16

    C. The District Court Correctly Held That the Mandates
        Were Not Capable of Repetition Yet Evading Review. ........ 21

    D. Appellants' Request For Vacatur Should Be Denied. ............... 24

Conclusion ................................................................................ 26

# TABLE OF AUTHORITIES

## *Cases*

*Already, LLC v. Nike, Inc.,*
568 U.S. 85 (2013) .......................................................................17

*Arizonans for Official English v. Arizona,*
520 U.S. 43 (1997) .......................................................................15

*Brach v. Newsom,*
38 F.4th 6 (9th Cir. 2022) ....................................................... 13, 19

*Campbell-Ewald Co. v. Gomez,*
577 U.S. 153 (2016) .....................................................................12

*Chafin v. Chafin,*
568 U.S. 165 (2013) .....................................................................12

*Church of Scientology of California v. United States,*
506 U.S. 9 (1992) .........................................................................16

*Clark v. Governor of New Jersey,*
53 F.4th 769 (3d Cir. 2022).................................................... passim

*Connelly v. Lane Const. Corp.,*
809 F.3d 780 (3d Cir. 2016) .........................................................10

*County of Butler v. Governor of Pennsylvania,*
8 F.4th 226 (3d Cir. 2021)...................................................... passim

*Doe v. Delie,*
257 F.3d 309 (3d Cir. 2001) .........................................................11

*Donovan v. Vance,*
70 F.4th 1167 (9th Cir. 2023) ......................................................14

*Eden, LLC v. Justice,*
36 F.4th 166 (4th Cir. 2022) ........................................................13

*Gillispie v. Warden, London Corr. Inst.,*
771 F.3d 323 (6th Cir. 2014).......................................................25

*Hamilton v. Bromley,*
862 F.3d 329 (3d Cir. 2017) ...................................................21

*Hartnett v. Pennsylvania State Educ. Ass'n,*
963 F.3d 301 (3d Cir. 2020) ..................................................17

*Hawse v. Page,*
7 F.4th 685 (8th Cir. 2021) ..................................................13

*Hollis v. Biden,*
No. 21-60910, 2023 WL 3593251 (5th Cir. May 18, 2023).................14

*In re Kulp Foundry, Inc.,*
691 F.2d 1125 (3d Cir. 1982) ...............................................21

*J.T. v. Newark Bd. Of Educ.,*
564 F. App'x 677 (3d Cir. Apr. 28, 2014) .........................................9, 15

*Johnson v. Governor of New Jersey,*
No. 21-1795, 2022 WL 767035 (3d Cir. Mar. 14, 2022)........... 13, 19, 20

*Lighthouse Fellowship Church v. Northam,*
20 F.4th 157 (4th Cir. 2021) ...............................................19

*Louisiana v. Biden,*
55 F.4th 1017 (5th Cir. 2022) .............................................22

*Mays v. Biden,*
67 F.4th 921 (9th Cir. 2023) ...............................................23

*New Jersey Turnpike Auth. v. Jersey Cent. Power & Light,*
772 F.2d 25 (3d Cir. 1985) .................................................11

*North Carolina v. Rice,*
404 U.S. 244 (1971) ........................................................11

*Northeastern Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville,*
508 U.S. 656 (1993).........................................................20

*Parker v. Governor of Pennsylvania,*
No. 22-2789, 2023 WL 5814603 (3d Cir. Sept. 8, 2023) ......................13

*Payne v. Biden,*
   144 S. Ct. 480 (2023) ................................................................................14

*Planned Parenthood of Wis., Inc. v. Azar,*
   942 F.3d 512 (D.C. Cir. 2019) ...................................................................23

*Resurrection Sch. v. Hertel,*
   35 F.4th 524 (6th Cir. 2022) .....................................................................13

*Smith v. President,*
   No. 21-3091, 2023 U.S. App. LEXIS 20830 (3d Cir. Aug. 10, 2023) .....5

*Stepien v. Governor of New Jersey,*
   No. 21-3290, 2023 WL 2808460 (3d Cir. Apr. 6, 2023) ........... 13, 19, 23

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,*
   513 U.S. 18 (1994) ....................................................................................25

*United States v. Munsingwear, Inc.,*
   340 U.S. 36 (1950) ........................................................................ 10, 24, 25

*United States v. Parole Comm'n v. Geraghty,*
   445 U.S. 388 (1980) ..................................................................................11

*W. Virginia v. Env't Prot. Agency,*
   597 U.S. 697 (2022) .............................................................................20, 21

## *Statutes*

28 U.S.C. § 702 ..............................................................................................3

28 U.S.C. § 1291 ............................................................................................3

28 U.S.C. § 1391(e)(1) ....................................................................................3

28 U.S.C. § 2201 ............................................................................................3

28 U.S.C. § 2202 ............................................................................................3

### *Regulations*

85 Fed. Reg. 15,337 (Mar. 18, 2020) ........................................................3

86 Fed. Reg. 50,985 (Sept. 14, 2021)........................................................4

86 Fed. Reg. 50,989 (Sept. 14, 2021).........................................................3

86 Fed. Reg. 50,990 .....................................................................4\

### *Other Authorities*

U.S. Const. art. III, § 2, cl.1 ................................................................11

## INTRODUCTION

On September 9, 2021, in response to the most serious public health crisis the country has experienced in at least a century, President Biden issued two executive orders ("the Mandates") to address COVID-19's impact on federal contractors and employees. The Mandates required certain federal employees and federal contractor employees to be vaccinated against COVID-19. Appellants—three federal employees and one employee of a federal contractor who did not wish to be vaccinated— filed suit in the District of New Jersey to enjoin the Mandates. After the district court denied their motion for a preliminary injunction, Appellants appealed to this Court. While their appeal was pending, President Biden revoked the Mandates on May 9, 2023, and this Court held that their appeal of the preliminary injunction had been rendered moot. On remand, the district court likewise held that the entire case was moot and dismissed the complaint; Appellants now appeal that dismissal.

The district court correctly held that Appellants' claims were moot. Once President Biden revoked the Mandates, the district court could no longer provide Appellants with cognizable relief. Although Appellants

1

argue their claims are still live because a court could order "an accounting of what happened to their private information, proof it has been destroyed, and ensuring personnel records do not reflect their medical information or non-compliance with the mandate," App. Br. 9, Appellants' pleadings contained no facts as to records allegedly in the Government's possession. The voluntary cessation exception to the mootness doctrine does not apply because President Biden rescinded the Mandates in alignment with the expiration of the COVID-19 health emergency, not in response to this or any other litigation. Further, the Mandates are not capable of repetition yet evading review because courts all around the country considered challenges to the Mandates before they were revoked, and there is no reasonable expectation that a president will reissue the same Mandates and create the same legal controversy. Finally, Appellants' request for vacatur as to the district court's prior order denying their motion for a preliminary injunction should be denied because they failed to preserve their claim as to vacatur either before this Court in the prior appeal or before the district court after the case was remanded.

## STATEMENT OF JURISDICTION

Appellants Erich Smith, Frank E. Garwood, Jr., Maribel Lorenzo, and Daniel Donofrio invoked the district court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as well as under 28 U.S.C. § 1391(e)(1) and § 702. Appx025. The district court dismissed all claims as moot on September 26, 2024. Appx02. Appellants filed a timely notice of appeal on October 25, 2024. Appx01. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

The issues presented in this appeal are:

1. Whether Appellants' claims are moot.

2. Whether Appellants are entitled to vacatur of the district court's prior order denying their request for a preliminary injunction.

## STATEMENT OF THE CASE

**1.** On March 13, 2020, in response to a public health emergency caused by the novel coronavirus SARS-CoV-2, President Biden declared a national emergency to contain and combat the virus. *See* 85 Fed. Reg. 15,337 (Mar. 18, 2020). On September 9, 2021, President Biden issued two executive orders announcing COVID-19 vaccination requirements for federal employees and contractors. *See* Exec. Order No. 14043, 86 Fed.

Reg. 50,989 (Sept. 14, 2021) (civilian federal employees); Exec. Order No. 14042, 86 Fed. Reg. 50,985 (Sept. 14, 2021) (federal contractors).

Executive Order 14043 instructed federal agencies to implement programs to require all of their employees to be vaccinated, except as required by law. 86 Fed. Reg. at 50,990. Similarly, Executive Order 14042 directed federal executive departments and agencies to ensure that parties contracting with the Government provide adequate COVID-19 safeguards to their workers, to the extent permitted by law. 86 Fed. Reg. at 50,985.

**2.** Appellants are three federal employees who were subject to Executive Order 14043 (Erich Smith, Frank Garwood, and Daniel Donofrio), and one employee of a covered federal contractor that was allegedly subject to Executive Order 14042 (Maribel Lorenzo). Appx025. Appellants allege that the Mandates violated their "constitutionally protected liberty and privacy rights to exercise sovereignty over their body and to decline medical procedures they do not want." Appx046–Appx047.

Appellants filed suit on October 29, 2021, seeking to enjoin enforcement of the Mandates. Appx015. On November 3, Appellants filed

4

a motion for a "temporary restraining order enjoining Executive Orders 14042 and 14043 from taking effect," which the government opposed. Appx016. On November 8, 2021, the district court denied Appellants' motion for a temporary restraining order or preliminary injunction; they timely appealed the denial to this Court. Appx017.

**3.** On May 9, 2023, the President issued Executive Order 14099 ("Revocation EO"), which rescinded Executive Orders 14042 and 14043. *Moving Beyond COVID-19 Vaccination Requirements for Federal Workers*, Exec. Order No. 14,099, 88 Fed. Reg. 30,891 (May 15, 2023). On May 17, 2023, Appellees moved to dismiss the appeal as moot. *Smith v. President*, No. 21-3091, 2023 U.S. App. LEXIS 20830 (3d Cir. Aug. 10, 2023). In a brief order dated August 10, 2023, twenty-one months after Appellants filed their appeal, this Court "conclude[d] that the appeal is moot and dismissal is appropriate," though it "express[ed] no opinion on whether the case itself is moot" and "[left] that question for the District Court to consider on remand." *Id.*

On March 1, 2024, Appellants filed their operative complaint. Appx020–Appx 021; Appx023–Appx050. The operative complaint sought three kinds of relief—it asked the Court to (1) "[d]eclare the Mandates

unconstitutional or otherwise *ultra vires*"; (2) "[e]njoin Defendants from enforcing the Mandates"; and (3) "[g]rant any and all other such relief as this Court deems just and equitable to restore Plaintiffs to the positions they would be in had the [M]andates not been enacted." Appx049. On March 15, 2024, Appellees moved to dismiss all claims as moot. Appx021.

**4.** On September 26, 2024, the district court granted Appellees' motion to dismiss. Appx002. The court held that because President Biden rescinded the Mandates, the court could "not provide Plaintiffs with any cognizable relief" and thus there was no longer an actual controversy. Appx008. Further, were the court to "declare The Mandates unconstitutional at this stage, and/or to consider whether to enjoin their enforcement," such a decision "would undoubtedly amount to an advisory opinion prohibited by Article III" of the Constitution. Appx008.

The district court also rejected Appellants' argument that the voluntary cessation exception to mootness applied. Appx008. The court held that President Biden revoked the Mandates "for reasons entirely unrelated to this litigation," but rather in alignment with the expiration of the COVID-19 health emergency. Appx008. The court noted that the Mandates continued to exist "while there was a plethora of litigation

6

challenging them in various courts throughout the country," further bolstering the view that the Mandates "were revoked for reasons entirely unrelated to this and other litigation." Appx008–Appx009. The court observed that the burden of demonstrating that the Mandates would not recur "is lessened when the complained[-of] action ceased for reasons unrelated to litigation, which is apparent here," and further that it was "reasonable to conclude that these Mandates will not be reinstated" because of the "undeniable change in public health." Appx009. Finally, the district court rejected as speculative Appellants' argument that the Biden administration's "public pronouncements about the necessity to plan for future pandemics" meant there was "a possibility" of the Mandates being reinstated. Appx009– Appx010. The district court noted that this Court had previously rejected such arguments. Appx010.

The district court also rejected as "mere speculation" the Appellants' argument that the Mandates were capable of repetition yet evading review because it was unlikely that the country "will return to the same, precise situation as existed in 2021 when The Mandates were issued," and because "[i]n the event of a future pandemic … there will undoubtedly be differences" in how the government responds to it.

Appx010–Appx011.  The court further noted that the "Mandates had a lifespan of approximately twenty months during which they were repeatedly challenged in this [c]ourt, and many other courts," thus belying the argument that reissuance of the Mandates would leave Appellants "without recourse to challenge them."  Appx011–Appx012.

Finally, the district court rejected Appellants' argument that their disclosure of "private medical information and religious views" created "ongoing effects" that the district court could remedy, explaining that plaintiffs had not included "any factual allegations as to these supposed 'ongoing effects' in the" complaint.  Appx012–Appx013.  The district court thus granted Appellees' motion to dismiss.  Appx013.

**5.**  On October 25, 2024, Appellants timely filed a notice of appeal. Appx 001.

## SUMMARY OF ARGUMENT

The district court correctly granted Appellees' motion to dismiss the operative complaint as moot.

**A.**  Appellants' claims are moot.  Because Appellants only ask the court to declare the Mandates unconstitutional, to enjoin enforcement of the Mandates, and to grant any relief the court deems equitable, the court

could no longer provide cognizable relief after President Biden issued the Revocation EO. Appellants argue that their claims are still live because a court could order an accounting of what happened to the private information they provided to their employers, but their operative complaint pled no facts as to any records allegedly in the Government's possession, and this Court has held that generalized prayers for relief are insufficient to avoid dismissal based on mootness. *See J.T. v. Newark Bd. Of Educ.*, 564 F. App'x 677, 681 n. 7 (3d Cir. Apr. 28, 2014).

**B.** The voluntary cessation exception to the mootness doctrine does not apply because President Biden issued the Revocation EO because of changed circumstances and thus this decision "was unrelated to the relevant litigation." *Clark v. Governor of New Jersey*, 53 F.4th 769, 778 (3d Cir. 2022). Further, given the evolving circumstances and context-dependent nature of Appellants' claims, there is no reason to conclude that any future executive order in response to a pandemic would present "the same legal controversy." *Id.* at 777–78.

**C.** The Mandates are not capable of repetition yet evading review. First, the Mandates "were not of too short a life to be reviewed"—they existed for twenty months, during which time courts all around the

country considered challenges to them. *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 231 (3d Cir. 2021). Second, there is no "reasonable expectation" or "demonstrated probability" that a president will reissue the same Mandates and these Appellants will become subject to them again. *Id.* at 231.

**D**. Appellants' request that this Court vacate the district court's preliminary injunction denial should be rejected. This Court has already resolved Appellants' preliminary injunction appeal and Appellants failed to preserve their vacatur request either before this Court in the prior appeal or before the district court after the case was remanded. Appellants thus "slept on [their] rights" by failing "to do what by orderly procedure [Appellants] could have done for [themselves]" in the first appeal. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950).

## STANDARD OF REVIEW

This Court exercises plenary review over a district court's grant of a motion to dismiss. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 n.2 (3d Cir. 2016).

# ARGUMENT

## The District Court Properly Dismissed Appellants' Claims As Moot.

As the district court correctly concluded, Appellants' claims are moot and must be dismissed. *See infra* Part A. Further, no exception to the mootness doctrine applies.

### A. Appellants' Claims Are Moot.

"The Constitution limits the power of the federal judiciary to the resolution of 'cases and controversies.'" *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (quoting U.S. Const. art. III, § 2, cl.1). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotation marks omitted). The mootness doctrine "requires that an actual controversy exist at all stages of review, not merely at the time the complaint is filed." *Delie*, 257 F.3d at 313. Accordingly, "mootness has two aspects: (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome." *New Jersey Turnpike Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985) (citing *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). A case becomes moot if subsequent events make it

"impossible for [the court] to grant 'any effectual relief whatever to the prevailing party.'" *Clark*, 53 F.4th at 775, *cert. denied sub nom. Clark v. Murphy*, 143 S. Ct. 2436 (2023) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016)).

The district court correctly held that Appellants' claims are moot because the "Mandates no longer exist and declaring them unconstitutional and/or enjoining them now would not provide Plaintiffs with any cognizable relief." Appx008. Appellants' operative complaint asks the court: (1) to "[d]eclare the Mandates unconstitutional or otherwise *ultra vires*"; (2) to "[e]njoin Defendants from enforcing the Mandates"; and (3) to "[g]rant any and all other such relief as this Court deems just and equitable to restore Plaintiffs to the positions they would be in had the [M]andates not been enacted." Appx049. The Revocation EO, however, nullified the Mandates in their entirety. Because Appellants are no longer subject to any COVID-19 vaccination requirement, the Court cannot "grant any effectual relief whatever" to them. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). "[T]he controversy over [the Executive Orders] ended with their rescission." *Clark*, 53 F.4th at 776.

In *Clark v. Governor of New Jersey*, this Court affirmed dismissal of two churches' claims for declaratory and injunctive relief after the Governor of New Jersey rescinded the executive orders that limited religious gatherings, holding that the case was "facially moot" because no effectual relief was available. *Clark*, 53 F.4th at 776–77; *see also County of Butler*, 8 F.4th 226 (holding that a challenge to expired stay-at-home, business-closure, and gathering-restriction orders was moot); *Stepien v. Governor of New Jersey*, No. 21-3290, 2023 WL 2808460 (3d Cir. Apr. 6, 2023) (same for rescinded school mask requirements); *Johnson v. Governor of New Jersey*, No. 21-1795, 2022 WL 767035 (3d Cir. Mar. 14, 2022) (same for expired rent-relief policy); *Parker v. Governor of Pennsylvania*, No. 22-2789, 2023 WL 5814603 (3d Cir. Sept. 8, 2023) (same for expired mask requirement).[1] This reasoning applies with equal force to the now-rescinded Mandates at issue here.

---

[1] Other Courts of Appeals have reached similar conclusions. *See, e.g., Brach v. Newsom*, 38 F.4th 6 (9th Cir. 2022) (en banc) (holding that a challenge to a rescinded order suspending in-person education was moot); *Eden, LLC v. Justice*, 36 F.4th 166 (4th Cir. 2022) (same for rescinded school-closure orders and business restrictions); *Resurrection Sch. v. Hertel*, 35 F.4th 524 (6th Cir. 2022) (en banc) (same for rescinded school mask requirement); *Hawse v. Page*, 7 F.4th 685 (8th Cir. 2021) (same for superseded stay-at-home order).

Numerous courts, including the Supreme Court, have already held that the rescission of the federal employee vaccination mandate rendered challenges to the relevant EOs moot because courts "cannot provide relief from EOs and exemption processes that no longer exist." *Donovan v. Vance*, 70 F.4th 1167, 1172 (9th Cir. 2023); *see also Payne v. Biden*, 144 S. Ct. 480 (2023) (remanding case challenging EO 14043 with instructions to dismiss case as moot); *Hollis v. Biden*, No. 21-60910, 2023 WL 3593251, at *1 (5th Cir. May 18, 2023) (concluding that, following issuance of the Revocation EO and the revocation of all guidance implementing EO 14042, case challenging EO 14042 had become moot).

Appellants nevertheless argue that the case is "not moot because the Court can declare the [M]andates unconstitutional" and order "an accounting of what happened to their private information, proof it has been destroyed, and ensuring personnel records do not reflect their medical information or non-compliance with the [M]andate[s]." App. Br. 9. They argue that the Revocation EO did not restore them "to the position they would have occupied had the mandates never been enacted because the Workers lack information concerning what happened to their private information after it was submitted." *Id.* at 12. Appellants,

however, not only failed to request such relief in their pleadings, but their operative complaint also completely fails to mention the government's possible retention of records. Appx049. While they asked the district court to "[g]rant any and all other such relief as this Court deems just and equitable to restore Plaintiffs to the positions they would be in had the [M]andates not been enacted," Appx049, this Court has held such generalized prayers for relief are insufficient to avoid dismissal based on mootness. *See J.T.*, 564 F. App'x at 681 n. 7 (plaintiff's "generalized prayer for relief in her complaint, requesting 'any other relief the Court may deem just and proper,' is insufficient to save her otherwise moot case from dismissal" (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997))).

Apparently acknowledging that they did not plead sufficient facts or request such relief in their Third Amended Complaint, Appellants assert that they "*could* initiate new litigation concerning the government's retention of that information and it would not be moot." *Id.* (emphasis added). For support, Appellants point to *Church of Scientology of California v. United States*, where the Supreme Court held that a case was not moot because courts had the power to "order[] the Government

15

to destroy or return any and all copies it may have in its possession" even though it was "too late to prevent, or to provide a fully satisfactory remedy for, the invasion of privacy that occurred." 506 U.S. 9, 13 (1992); App. Br. 10. But that case—where the Government obtained a private citizen's records "as a result of an unlawful summons"—is inapposite. *Id.* at 12–13. First, the case centered on access to the plaintiff's records; here, Appellants seek a declaration that the now-rescinded Mandates are unconstitutional, and the Government's possible retention of records is not even mentioned in Appellants' pleadings. Second, the *Church of Scientology* case involved the illegal procurement of a private citizen's records, whereas Appellants apparently seek to have the Government turn over its own records, which the Government created legally and in the due course of Appellants' employment. Accordingly, Appellants have failed to establish that a live case or controversy continues to exist.

## B. The District Court Correctly Held That the Voluntary Cessation Exception Does Not Apply

The voluntary-cessation exception to the mootness doctrine does not save Appellants' claims. This doctrine guards against a defendant who "engage[s] in unlawful conduct, stop[s] when sued to have the case declared moot, then pick[s] up where he left off, repeating this cycle until

he achieves all his unlawful ends.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). The exception generally does not apply, however, where a defendant did not cease the challenged action "as a response to the litigation." *County of Butler*, 8 F.4th at 230; *see Clark*, 53 F.4th at 778 ("[W]e are generally less skeptical of voluntary cessation claims where the change in behavior was unrelated to the relevant litigation . . ."); *cf. Hartnett v. Pennsylvania State Educ. Ass'n*, 963 F.3d 301, 307 (3d Cir. 2020) ("[I]f the defendant ceases because of a new statute or a ruling in a completely different case, its argument for mootness is much stronger.").

The district court correctly concluded that the voluntary cessation doctrine did not apply. Appx008–Appx010. Here, as in *Butler*, the President maintained the Mandates for many months after Appellants "challenged their constitutionality," and he rescinded the Mandates only after concluding that changed public-health circumstances had rendered them unnecessary. *County of Butler*, 8 F.4th at 230. President Biden did not revoke the Mandates in response to this or any other litigation; rather, as the Revocation EO and White House announcement explained, President Biden revoked the Mandates along with several other pandemic-related orders, consistent with the ending of the COVID-19

public health emergency on May 11, 2023, and in recognition that the circumstances of the pandemic had changed dramatically since these requirements were issued in September 2021. The Revocation EO explained that "we are no longer in the acute phase of the COVID-19 pandemic." Revocation EO § 1. "Considering this progress, and based on the latest guidance from our public health experts," the President determined that "we no longer need a Government-wide vaccination requirement for Federal employees or federally specified safety protocols for Federal contractors." *Id.* In short, "the public health outlook has changed dramatically" since the executive orders were issued, *Clark*, 53 F.4th at 778, and the executive orders were not revoked "opportunistically . . . to avoid an unfavorable adjudication," *County of Butler*, 8 F.4th at 230; *see id.* ("We generally presume that government officials act in good faith, and we will not depart from that practice under these circumstances."). The district court thus correctly concluded that in light of the general presumption that government officials act in good faith and "[g]iven the undeniable change in public health as the reason for the Mandates' revocation in May 2023," it was "reasonable to conclude that these Mandates will not be reinstated." Appx009.

The possibility that the public health situation and its effect on federal contractors and employees could change again in the future is not sufficient to conclude that this case presents a live controversy. The risk of such a change is purely "speculative," *Clark*, 53 F.4th at 781, and the mere fact that the President would "still ha[ve] the 'power to issue new executive orders involving COVID-19-related restrictions'" does not preserve a live controversy. *Johnson*, 2022 WL 767035, at *3 (quoting *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 163–64 (4th Cir. 2021)); *see also Brach*, 38 F.4th at 14 (citing cases).

Moreover, even if there were some basis to conclude that a president might issue a similar executive order in the future, any future order likely would not present "the same legal controversy" as the one originally presented here. *Clark*, 53 F.4th at 777–78; *see Stepien*, 2023 WL 2808460, at *2 (explaining that, if New Jersey were to require masking again in light of changed public health conditions, there would be "an altogether different fit between any new mask mandate and the reality on the ground, birthing a different controversy between the parties"). Given the context-specific nature of Appellants' claims, there is no reason to conclude that any future executive order would be

19

"sufficiently similar" to the rescinded executive orders to present substantially the same legal controversy as the ones Appellants set forth in their pleadings. *Northeastern Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 662 n.3 (1993). Appellants argue that the "legal controversy is whether the President has the authority to mandate federal workers and private employees to undergo a medical procedure through these mechanisms, so the exact same factual conditions do not need to arise for this legal controversy to recur." App. Br. 14–15. Their argument fails, however, because "plaintiffs only have standing in the first place to challenge an officer's allegedly unlawful conduct, not his abstract power." *Johnson*, 2022 WL 767035, at *3.

Finally, Appellants' argument that their "claim remains justiciable" because the Government "continues to 'vigorously defend' the legality of its action" fails. App. Br. 14 (quoting *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 720 (2022)). In *West Virginia*, Appellants' only support for their argument, the Supreme Court found the case was not moot because there was reason to believe that if the litigation resolved in the Government's favor, it would continue the behavior it ceased, and in fact

20

"vigorously defend[ed] the legality of such an approach." 597 U.S. at 720. That is not the case here, where there is no reason to believe that the Government will revive the Mandates because the pandemic has ended.

## C. The District Court Correctly Held That the Mandates Were Not Capable of Repetition Yet Evading Review.

Courts also recognize a limited exception to mootness where the underlying controversy between the parties is "capable of repetition yet evading review." *County of Butler*, 8 F.4th at 231. "That exception is 'narrow' and 'applies only in exceptional situations,' where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017)) (internal citation omitted). The district court correctly held that the Appellants "fail to meet either prong." Appx011.

Regarding the first prong, even if a president did reissue the Mandates, there is no reason to think the orders would be in place for such a short period that the controversy between the parties would "inherent[ly] . . . evade review." *In re Kulp Foundry, Inc.*, 691 F.2d 1125,

1130 (3d Cir. 1982). As the district court noted, "the fact that The Mandates had a lifespan of approximately twenty months during which they were repeatedly challenged in this Court, and many other courts, belies any argument if reissued they are capable of evading review." Appx011–Appx012. Appellants argue that this controversy is capable of evading review because only declaratory and injunctive relief is available in such scenarios, and thus they cannot bring constitutional challenges for damages. App. Br. 18. But as set forth *supra*, Appellants had ample opportunity to present their claims to the district court and this Court, making clear that the Mandates "were not of too short a life to be reviewed." *County of Butler*, 8 F.4th at 231.

Appellants also argue that "the Government is deliberately evading judicial review" by taking the position that the Civil Service Reform Act requires federal employees "to proceed through an administrative process." App. Br. 19. But courts around the country, including courts of appeal, held they had jurisdiction to consider challenges to the Mandates while they still existed. *See, e.g., Louisiana v. Biden*, 55 F.4th 1017 (5th Cir. 2022) (affirming grant of preliminary injunction of

Mandates); *Mays v. Biden*, 67 F.4th 921 (9th Cir. 2023) (reversing grant of preliminary injunction of Mandates).

Nor is there any reasonable basis to conclude that a president will reissue the same executive orders and that Appellants will once again be subject to the same vaccination requirements. *See County of Butler*, 8 F.4th at 231 ("There must be more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability."); *Stepien*, 2023 WL 2808460, at *3 ("[T]he action that must be repeatable is the precise controversy between the parties." (quoting *Planned Parenthood of Wis., Inc. v. Azar*, 942 F.3d 512, 517 (D.C. Cir. 2019)). Appellants argue that this "legal controversy is capable of repetition and evading review again, as it did this time, if a pandemic recurs and the government response prioritizes vaccination." App. Br. 15. But as the district court noted, even if a future pandemic did occur, "it is unlikely, due to what we currently understand about COVID-19 and current health trends, we will return to the same, precise situation as existed in 2021 when the Mandates were issued." Appx011. Appellants also argue that the "legal controversy is whether the President has the authority to condition these Workers'

employment on them undergoing a medical procedure," and in light of President Biden's comments about future pandemics, this controversy is capable of repetition. App. Br. 15–16. But, as set forth *supra*, any future executive order would present a different legal controversy that would require a different analysis.

### D.     Appellants' Request For Vacatur Should Be Denied.

Appellants' request for vacatur should be denied because they "slept on [their] rights." *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). Appellants ask this Court to vacate not the district court order dismissing their claims, which is the subject of this appeal, but rather a prior district court order denying their motion for a preliminary injunction. Following the rescission of the Mandates, this Court dismissed as moot Appellants' appeal challenging the preliminary injunction denial, but Appellants did not ask this Court to vacate that order. Nor did Appellants ever request that the district court vacate the preliminary injunction denial on remand. In these circumstances, Appellants have forfeited any right to the equitable remedy of vacatur.

Indeed, in *Munsingwear*, the Supreme Court rejected the Government's request for vacatur in virtually identical circumstances.

There, the Government sought to vacate a prior district court order that it had appealed to a Court of Appeals, though the appeal was later dismissed as moot. 340 U.S. at 40. The Supreme Court held, however, that the Government was not entitled to vacatur because it "made no motion to vacate the judgment" and "did not avail itself of the remedy it had to preserve its rights." *Id.* The Court thus denied the Government's request "to do what by orderly procedure [the Government] could have done for itself" in the first appeal. *Id.* at 41. *See also Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 331 (6th Cir. 2014) (denying request for vacatur of a prior order, which was appealed and the appeal dismissed as moot, because "the State failed to request that we vacate [the prior] order, though it likely could have obtained that relief if it had made the request").

Appellants point to *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994), for support, arguing that "vacatur 'must be granted where mootness results from the unilateral action of the party who prevailed in the lower court.'" App. Br. 20 (quoting *U.S. Bancorp*, 513 U.S. at 23). *U.S. Bancorp*, however, dealt with an appellate court's duty to vacate an order that has become moot on appeal; it did not

address whether a district or appellate court should vacate that order in later proceedings or appeals, and it is thus inapposite.

## CONCLUSION

For the foregoing reasons, the district court's judgment should be affirmed, and the Court should deny Appellants' request for vacatur of the prior district court order denying their motion for a preliminary injunction.  This Court should thus remand with instructions to dismiss the case.

Respectfully submitted,

JOHN GIORDANO
United States Attorney

*s/ Angela E. Juneau*
ANGELA E. JUNEAU
Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE

The U.S. Attorney's Office certifies the following:

1.  This brief complies with the length limitations of Fed. R. App. P. 32(a)(7) because this brief contains no more than 5,033 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), and thus does not exceed the 13,000-word limit.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it is in a proportionally-spaced typeface (Century Schoolbook) that is at least 14 points.

3.  The text of the electronic brief in Adobe PDF format is identical to the text of the paper copies of the brief. The electronic brief has been scanned upon e-mail transmission by the continuously-updated virus detection program Trend Micro "Office Scan" for Windows, and no virus was detected.

*s/Angela E. Juneau*
Angela E. Juneau
Assistant United States Attorney

Dated: March 26, 2025

A1

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on March 26, 2025, I caused the Brief for Defendants-Appellees to be filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by (a) electronic filing in the PDF form using the Circuit's electronic filing system, and (b) paper filing of one original and six copies of the Brief by Federal Express to the Clerk.

I also certify that on March 26, 2025, I caused the Brief for Defendants-Appellees to be served on the Plaintiffs-Appellants by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system and also by emailing a copy to:

>Dana Wefer, Esq.
>*Plaintiffs-Appellants*
>Law Offices of Dana Wefer
>290 Hackensack Street, P.O. Box 374
>Woodridge, NJ 07075
>dana@weferlawoffices.com

>*s/Angela E. Juneau*
>Angela E. Juneau
>Assistant United States Attorney

Dated:  March 26, 2025